**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-7282**

_____

EVANS O. IBE,

                         Plaintiff - Appellant,

    versus

RICHARD CATERISANO, Acting District Director,
Immigration and Naturalization Service,

                        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Marvin J. Garbis, District Judge. (CA-99-
2256-MJG)

_____

Submitted: January 21, 2000      Decided: January 28, 2000

_____

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Evans O. Ibe, Appellant Pro Se. Michael Peter Lindemann, Sr., Ethan
B. Kanter, Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Evans O. Ibe, a citizen of Nigeria, appeals from the district court's order dismissing his 28 U.S.C. § 2241 (1994) petition for lack of subject matter jurisdiction. The petition sought review of a 1992 final order of deportation issued by the Board of Immigration Appeals (Board) and of the Board's 1999 order denying Ibe's motion to reopen. The district court dismissed the petition because § 242(g) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252(g) (West 1999), removed jurisdiction of the federal courts over final orders of deportation. Ibe filed a timely notice of appeal. Ibe has also filed in this court a motion for the preparation of transcripts at government expense.

An alien detained under a final order of deportation may seek review of issues of pure law through a petition filed under § 2241. See Bowrin v. INS, 194 F.3d 483 (4th Cir. 1999). Nevertheless, Ibe has failed to raise in his petition any issues of pure law over which the district court had jurisdiction. We affirm the district court's order for that reason. We deny Ibe's motion for preparation of a transcript at government expense. A transcript of Ibe's deportation proceedings is in the administrative record, and that record is before the court. We dispense with oral argument because the facts and legal contentions are adequately presented in the ma-

2

terials before the court and argument would not aid the decisional process.

AFFIRMED