LUTTIG, Circuit Judge,
concurring:
I concur in the judgment of the court and I join in the court’s opinion. I do so on the question of whether the district court (and we) have jurisdiction, because I am bound by this court’s opinion in Bowrin v. United States Immigration & Naturalization Service, 194 F.3d 483 (4th Cir.1999). I join the court’s opinion with respect to the retroactive effect of the enactment of AEDPA’s section 440(d) largely, though not exclusively, because of the Supreme Court’s decision in Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997), which was decided after both this court’s opinion in De Osorio v. United States Immigration & Naturalization Service, 10 F.3d 1034 (4th Cir.1993), and the Attorney General’s opinion in In re Soriano, 1996 WL 426888 (Feb. 21, 1997).
I realize that the United States disagrees with this court’s decision in Bow-rin, and with today’s decision to the extent that it follows Bounin, and I presume that the United States will seek rehearing en banc of today’s judgment that jurisdiction lay in the district court to adjudicate Tas-ios’ claims. I presume that, if the United States does seek rehearing en banc of our jurisdictional decision, it will likewise seek rehearing en banc of our judgment on the merits that section 440(d) is impermissibly retroactive as applied to petitioner Tasios. Should it do so, it should, insofar as I am concerned, address itself more fully than it did in its brief before this court to those portions of the Supreme Court’s unanimous opinion in Hughes Aircraft in which the Court explained that our attention must be directed not only to the petitioner’s primary conduct, but also to any relevant secondary conduct, and distinguished between statutes that address merely which forum shall have jurisdiction and statutes that withdraw jurisdiction altogether, as well as to the implications of the Court’s opinion in Hughes Aircraft for the Attorney General’s decision in In re Sori-ano. And, again only insofar as I am concerned, it should also address itself more fully than it did in its brief before this court to the very specific question of whether the legal consequences of Tasios’ guilty plea were altered by the enactment of section 440(d).