United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-60268

———————————————

FERDINANDO DISCIPIO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

BENAVIDES, Circuit Judge:

Petitioner Ferdinando Discipio, a native and citizen of Brazil, became a permanent resident of the United States in 1970. In 2002, Mr. Discipio became subject to removal after a Massachusetts court convicted him of possession with intent to distribute Percocet. A Massachusetts court later overturned Mr. Discipio's conviction because of procedural and substantive flaws in the underlying proceeding and granted him a new trial.[1] Nevertheless, based on our holding in *Renteria-Gonzalez v. INS*, 322

---

[1] The Government does not dispute that the Massachusetts conviction was overturned because of flaws in the underlying proceeding or contend that the conviction was vacated for equitable or rehabilitative reasons.

F.3d 804 (5th Cir. 2002), the immigration judge found that Mr. Discipio's conviction remained valid for immigration purposes and ordered him removed. The Bureau of Immigration Appeals affirmed, and Mr. Discipio filed the instant petition for review and motion to stay deportation. The Government responded with a motion to dismiss the petition for lack of jurisdiction.

Had Mr. Discipio's conviction stood, his petition would unquestionably fall under a provision of the Immigration and Nationality Act ("INA") that bars federal courts from reviewing orders of removal against aliens removable for having committed certain crimes, 8 U.S.C.A. § 1252(a)(2)(C) (West 1999).[2] In our view, it should make a difference that a court has overturned his conviction and ordered a new trial. Because of the prior panel decision in *Renteria-Gonzalez*, however, we must grant the Government's motion to dismiss Mr. Discipio's petition for review and deny Mr. Discipio's motion to stay deportation.[3]

In *Renteria-Gonzalez*, the petitioner immigrant pleaded guilty in federal court to transporting illegal aliens within the United

---

[2] That provision states:
> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C.A. § 1252(a)(2)(C).

[3] Because the Government's motion to dismiss is dispositive of this case, we principally discuss that motion rather than Mr. Discipio's motion to stay deportation.

States. 322 F.3d at 808. The district court accepted the plea but entered a "judicial recommendation against deportation." *Id.* Later, INS sought removal. *Id.* The district court, evidently seeking to enforce its own recommendation against deportation, vacated the petitioner's conviction. *Id.* INS, however, reinitiated deportation proceedings. *Id.* at 809. An immigration judge ordered the petitioner deported, and the Bureau of Immigration Appeals affirmed. *Id.*

On petition for review, the majority in *Renteria-Gonzalez* held that "the vacated conviction remain[ed] valid for purposes of the immigration laws." *Id.* at 811.[4] The majority founded its opinion on "the text, structure, and history of the INA," all of which, the majority said, "suggest[ed] that a vacated federal conviction does remain valid." *Id.* at 812.

Although the vacatur at issue was (1) of questionable legitimacy and (2) apparently designed solely to avoid the immigration consequences of the conviction, the majority in *Renteria-Gonzalez* failed to tailor its discussion of the term

---

[4] The INA defines conviction as follows:
> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C.A. § 1101(a)(48)(A) (West 1999).

"conviction" to the facts before it and recognized no exception for cases, like Mr. Discipio's, in which a court has overturned a conviction because of a defect in the underlying criminal proceeding.

As the special concurrence in *Renteria-Gonzalez* pointed out, the majority "paint[ed] with too broad a brush." *Id.* at 820. The majority maintained that "five circuits, including this court, have concluded that a vacated or otherwise expunged state conviction remains valid" for purposes of immigration law. *Id.* at 814. None of the cases cited by the majority, however, hold or imply that a conviction vacated because of procedural or substantive flaws is a conviction under the INA. These cases support the proposition, with which we agree, that a conviction vacated for *rehabilitative* purposes remains valid under the INA. *See Murillo-Espinoza v. INS*, 261 F.3d 771, 773-74 (9th Cir. 2001); *Herrera-Inirio v. United States*, 208 F.3d 299, 305-06 (1st Cir. 2000)); *Moosa v. INS*, 171 F.2d 994, 1005-06, 1009 (5th Cir. 1999); *cf. United States v. Campbell*, 167 F.3d 94, 96-98 (2d Cir. 1999) (holding conviction vacated for rehabilitative purposes valid for purposes of sentencing guidelines).[5] Far from being consistent with precedent,

---

[5] The majority also relied on *Nwandu v. Crocetti*, 8 Fed. Appx. 162 (4th Cir. 2001) (per curiam), in which the Fourth Circuit upheld an immigration judge's finding that a petitioner's conviction had not been expunged, *id.* at 166-67, but commented in a footnote that under the immigration laws, "no apparent effect is given to court actions which purport to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of conviction," *id.* at 167 n.8. Even were this comment not pure dictum, the Fourth Circuit itself would not cite it as precedent, *see* 4th Cir. R. 36(c).

the majority's overly broad formulation of "conviction" ran counter to two other circuits' understanding of the term. *See Sandoval v. INS*, 240 F.3d 577, 583 (7th Cir. 2001) (holding conviction vacated because of involuntary guilty plea not valid for INA purposes); *Herrera-Inirio*, 208 F.3d at 305 ("[S]tate rehabilitative programs that have the effect of vacating a conviction *other than on the merits or on a basis tied to the violation of a statutory or constitutional right in the underlying criminal case* have no bearing in determining whether an alien is to be considered 'convicted.'") (emphasis added).  That our Circuit is now out of step with the rest of the nation is punctuated by the fact that the Bureau of Immigration Appeals applies the broad understanding of "conviction" embraced in *Renteria-Gonzalez* only in the Fifth Circuit.  *See In re Pickering*, 23 I. & N. Dec. 621, 624 n.2 (B.I.A. 2003).

Nor did the rationale relied upon by the *Renteria-Gonzalez* majority support the breadth of its conclusion.  The majority assumed that Congress was aware that convictions would be vacated and reasoned that, by recognizing exceptions for pardoned convictions only, Congress intended to rule out exceptions for all vacated convictions irrespective of the reason for which the conviction was vacated.  322 F.3d at 813.  This logic is dubious, especially since the notion that a vacated conviction counts for INA purposes is, as the majority admitted, "counterintuitive." *Id.* at 812.  The majority also worried that the "unbridled discretion

of federal judges" would frustrate Congress's intent to ensure the uniform application of federal immigration law. *Id.* at 814. Convictions vacated at the *discretion* of federal judges, like the conviction at issue in *Renteria-Gonzalez*, may threaten uniform application of immigration laws. When a court vacates a conviction because of defects in the underlying criminal proceeding, however, it is not exercising "unbridled discretion," but enforcing the statutory and constitutional rights that ensure fair treatment of criminal defendants.

Because the majority in *Renteria-Gonzalez* has interpreted the term "conviction" so broadly, an immigrant convicted of certain offenses is removable even if that conviction is vacated by an appellate court for insufficient evidence, procedural errors, or constitutional violations. Thus, a person completely exonerated by the courts may nonetheless face removal as a convicted criminal. We should interpret statutes to avoid results so patently absurd, *see Atchison v. Collins*, 288 F.3d 177, 181 (5th Cir. 2002), and constitutionally questionable, *see In re Needham*, 354 F.3d 340, 345 n.8 (5th Cir. 2003).

Nonetheless, we cannot revisit *Renteria-Gonzalez*. In the absence of an intervening Supreme Court decision, no subsequent panel may overrule the decisions of another panel or hold that a prior decision applies only on the limited facts set forth in that opinion. *United States v. Smith*, 354 F.3d 390, 399 (5th Cir.

2003).   Until the Fifth Circuit en banc or the Supreme Court reforms *Renteria-Gonzalez*, we must apply that decision as written.

Therefore, we reluctantly grant the Government's motion to dismiss the petition for review for lack of jurisdiction. Accordingly, we deny as moot the Government's alternative request to extend time to file the administrative record.  We DENY Mr. Discipio's motion for a stay pending review, a motion that, absent *Renteria-Gonzalez*, would have been granted.   Because the petitioner's imminent deportation could render moot any further consideration of this case en banc, however, we stay petitioner's deportation until the Clerk of this Court issues the mandate in this case.