Derrick L. **KNIGHT**, Petitioner–Appellant,

v.

John **ASHCROFT**, as Attorney General of the United States, Respondent–Appellee.

No. 04–3103–CV.

United States Court of Appeals, Second Circuit.

April 29, 2005.

Mark T. Kenmore, Buffalo, New York, for Petitioner–Appellant.

Stephan J. Baczynski, Assistant United States Attorney, (Michael A. Battle, United States Attorney), Buffalo, New York, for Respondent–Appellee.

PRESENT: NEWMAN, McLAUGHLIN and HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant Derrick Knight, a native and citizen of Jamaica, appeals from a decision of the United States District Court for the Western District of New York (Scott, *M.J.*) dismissing his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The judgment of the District Court is affirmed. We presume familiarity by the parties with the factual and procedural background of the case.

■ We review *de novo* the district court's dismissal of Knight's § 2241 petition for lack of subject matter jurisdiction. *Cephas v. Nash,* 328 F.3d 98, 103 (2d Cir. 2003). When a § 2241 petition is brought for purposes of challenging a decision of the Board of Immigration Appeals (BIA) or Immigration Judge (IJ), the federal courts may review questions of law only. *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001) ("[F]ederal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA."); *see also Bowrin v. U.S. I.N.S.,* 194 F.3d 483, 490 (4th Cir.1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."). We are therefore without jurisdiction to review BIA or IJ's factual and discretionary determinations.

Attempting to accommodate the limits placed on our review of a § 2241 petition, petitioner characterizes the two issues that he raises on this appeal as follows: (1) whether he is deportable as a matter of law based on the record in this case, and (2) whether his statutory and constitutional due process rights were violated when the BIA and the IJ failed to recognize that it is the Government's burden to prove Petitioner's deportability because he was paroled in 1986 and thereafter admitted three times to the United States in 1989 and 1990 upon presentation of his Temporary Resident Card (TRC). Because at root, what petitioner seeks to have us do is substitute his view of the facts for those findings made by the BIA and the IJ and because any legal arguments petitioner makes hinge on his view of the facts, we

are without jurisdiction to review them. *See Sol,* 274 F.3d at 651.

■ The IJ determined, and the BIA affirmed, that the petitioner entered the United States without inspection in 1982. The petitioner disputes that he admitted to those· facts, which are the linchpin for his due process arguments. Although it is outside our jurisdiction to review these factual determinations, we do note in the record that petitioner admitted to using someone else's passport to enter the country in 1982 and that, in the proceedings before the IJ, his attorney acknowledged that petitioner had entered without inspection.

Petitioner argues that his admissions to the country subsequent to 1982 somehow supersede and obviate the illegality of his 1982 entry. On that score he fails both because the relevant facts, which we have no jurisdiction to review, were found against him and also because on the facts found by the IJ and BIA he is wrong as a matter of law.

Petitioner was paroled into the United States in 1986 after his unsuccessful trip to the consulate in Mexico to have his immigration status adjusted. As a matter of law, the fact that he was paroled back into the country does not convert his original illegal status into one that is lawful. Such entries alter neither the illegality of an alien's original entry without inspection nor his ongoing illegal status. 8 U.S.C. § 1182(d)(5)(A); *Ofosu v. McElroy,* 98 F.3d 694, 700 (2d Cir.1996) ("Congress has provided by statute that an alien … may be temporarily paroled into the United States, at the discretion of the Attorney General (acting through the INS); however, such parole of such alien shall not be regarded as an admission of the alien into the United States." (internal quotation marks and citations omitted)).

In 1988, petitioner applied to have his status in the United States legalized under the Special Agricultural Worker (SAW) program, but his application was denied because he admitted to using fraudulent documents. Petitioner points out that between 1989 and 1990 he returned to Jamaica three times and each time returned to the United States without having his passport stamped by U.S. Immigration. He asserts he was admitted those three times because he had a Temporary Resident Card which was issued pursuant to his SAW status. In the proceedings below, however, the BIA affirmed the IJ's finding that petitioner was denied SAW status. Indeed, petitioner himself points out in his brief that he confessed to fraudulently obtaining the TRC that he used. These non-reviewable findings negate any argument that by using a TRC or his SAW status, petitioner was somehow legally admitted to the United States after 1982.

Because petitioner is not a United States citizen and did not prove by clear and convincing evidence that he was ever lawfully admitted to the country other than by parole or through fraudulent documents, he continues to have the burden of showing that he was lawfully admitted to and present in the United States. 8 U.S.C. § 1229a(c)(2)(B). The BIA's finding below that petitioner did not carry his burden in that regard is not reviewable through this § 2241 petition. *See Sol,* 274 F.3d at 651. Consequently, we cannot find as a matter of law that the burden shifted to the Government to prove petitioner is deportable. *See* 8 U.S.C. § 1229a(c)(3)(A).

The BIA made no errors of law. Because we lack jurisdiction under § 2241 to review the BIA and IJ's factual and discretionary determinations, we affirm the district court's dismissal of Knight's petition.