# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-60171
Summary Calendar

FARHAD FIROOZFAR

Petitioner

v.

MICHAEL B. MUKASEY, U.S. Attorney General

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A37 838 325

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Farhad Firoozfar, a native and citizen of Iran, petitions for review of an order of the Board of Immigration Appeal' ("BIA"), which denied his request for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), because Petitioner's conviction for aggravated sexual assault of a child lacks a comparable ground of inadmissibility under INA § 212(a). Firoozfar argues that the BIA's interpretation of 8 C.F.R. § 1212.3(f)(5) and its decision in Matter of Blake, 23

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I&N Dec. 722, 729 (BIA 2005), constitute "an impermissibly retroactive removal of individual rights which patently contradicts Board, Federal and Supreme Court precedent, creates a new bar to eligibility for a statutory right with no statutory basis, and violates the equal protection clause."

The same arguments were raised and rejected in Avilez-Granados v. Gonzales, 481 F.3d 869, 870 (5th Cir. 2007), and its companion case, Vo v. Gonzales, 482 F.3d 363, 366-68 (5th Cir. 2007); see also Cantu v. Mukasey, No. 06-61080, 267 Fed. Appx. 321, 2008 WL 474170 (5th Cir. Feb. 20, 2008) (recognizing that Avilez and Vo foreclose the same arguments made by Firoozfar despite Blake v. Carbone, 489 F.3d 88 (2d Cir. 2007)(vacating Matter of Blake)). Accordingly, there is no textual link between sexual abuse of a child and crimes involving moral turpitude to indicate that Congress had the same class of offenses in mind when it enacted the two provisions that must be compared. Therefore, the BIA did not err in denying Firoozfar relief under former § 212(c).

Firoozfar also challenges the BIA's decision on the grounds that his vacated conviction is not a conviction for immigration purposes. However, the BIA's determination that the conviction was valid for immigration purposes is consistent with the precedent of this court. See Renteria-Gonzalez v. INS, 322 F.3d 804, 814 (5th Cir. 2002); see also Discipio v. Ashcroft, 417 F.3d 448, 450 (5th Cir. 2005) (stating that "a panel of this Court is without authority to contradict the holding of the previous panel in Renteria-Gonzalez").

Firoozfar's petition for review is DENIED.