United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60268
_____

FERDINANDO DISCIPIO

      Petitioner

v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL

      Respondent

--------------------
Order Vacating Previous Panel Decision
and Remanding to the Board of Immigration
Appeals to Allow Respondent to Terminate
Removal Proceedings Against Petitioner
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

BENAVIDES, Circuit Judge:

Petitioner Ferdinando Discipio, a permanent resident of the United States, became subject to deportation under the Immigration and Nationality Act after a Massachusetts court convicted him of possession with intent to distribute Percocet. The Massachusetts court later overturned that conviction because of procedural and substantive flaws in the proceeding. However, the immigration judge presiding over Petitioner's removal proceeding found that the Massachusetts conviction remained valid for immigration purposes under our holding in *Renteria-Gonzalez*

1

*v. INS*, 322 F.3d 804 (5th Cir. 2002). As a result, the immigration judge ordered deportation, and the Board of Immigration Appeals ("Board") affirmed.[1] Pursuant to *Renteria-Gonzalez*, a panel of this Court reluctantly denied Petitioner's petition for review and expressed concerns over our controlling precedent. *See Discipio v. Ashcroft*, 369 F.3d 472 (5th Cir. 2004).

Petitioner has now filed a petition for rehearing en banc. In its Opposition to Petitioner's Request for Rehearing En Banc, Respondent has advised this Court that it is prepared to modify its position and desires to terminate deportation proceedings against Petitioner. It now wishes to apply to Petitioner's case the Board's opinion in *In re Pickering*, 23 I. & N. Dec. 621 (BIA 2003), 2003 WL 21358480, where the Board held that convictions vacated on the basis of procedural and substantive defects are not valid convictions for purposes of immigration proceedings.

Respondent argues that because 8 U.S.C. § 1101(a)(48)(A) (defining "conviction" for immigration purposes) is silent on the effect of a vacated conviction on an alien's immigration status,

---

[1]Because Petitioner is being detained within the territory under the jurisdiction of the Fifth Circuit, *Renteria-Gonzales* applied to his case, which resulted in his being ordered deported. Were he detained within the confines of any other Circuit, the Board would not have ordered Petitioner deported. *See In re Pickering*, 23 I. & N. Dec. 621, 624 n.2 (BIA 2003), 2003 WL 21358480 (declining to apply *Renteria-Gonzales* outside of the Fifth Circuit).

this Court should defer to the Board's permissible construction of the statute. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999); *Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984); *Moosa v. INS*, 171 F.3d 994, 1005 (5th Cir. 1999).

According to Respondent, the Board's opinion in *In re Pickering* constitutes a permissible construction of the statute because it comprehensively addresses the effect of a vacated conviction. *See Aguirre-Aguirre*, 526 U.S. at 424-25. There, the Board held that convictions vacated on the basis of procedural and substantive defects were not valid for purposes of immigration, while those vacated because of post-conviction events such as rehabilitation were to be given effect in immigration proceedings. The Board noted that such a distinction was in accord with federal court opinions addressing the issue and thus declined to apply the contrary holding of *Renteria-Gonzales,* 322 F.3d 804 (5th Cir. 2002)(holding that a conviction remains valid regardless of the reason it was vacated), outside the jurisdiction of this Court.

Respondent concludes that Petitioner's conviction is not valid for immigration purposes under *In re Pickering* because Petitioner's conviction was undisputedly vacated for procedural and substantive defects. Respondent now wishes to give effect to its modified position by terminating deportation proceedings.

3

With respect to other deportation proceedings arising or within the jurisdiction of this Court or that may be pending on appeal, Respondent has advised that the government is undertaking a policy review to determine how it will proceed in those cases. Petitioner has expressed no opposition to Respondent's new position, nor can we expect any, as vacating and remanding will result in a favorable outcome for Petitioner. We need not, and indeed a panel of this Court is without authority to contradict the holding of the previous panel in *Renteria-Gonzales*. It is clear, however, without expressing an opinion on Respondent's modified position, that Respondent wishes to exercise his discretion to dismiss these proceedings. Such relief is consistent with the Petitioner's original request that his deportation proceedings be set aside. In effect, Respondent's decision to dismiss deportation proceedings resolves any dispute between the parties in this case.

Accordingly, the panel opinion dated April 29, 2004, in *Discipio v. Ashcroft*, 369 F.3d 472 (5th Cir. 2004), is vacated, and Respondent's request to remand this case to the Board of Immigration Appeals is granted to allow Respondent to terminate removal proceedings. Petitioner's petition for rehearing en banc is denied as moot because the opinion which it seeks to review is vacated herein.

REQUEST TO VACATE PRIOR PANEL OPINION GRANTED AND CASE

4

REMANDED TO THE BOARD OF IMMIGRATION APPEALS TO ALLOW RESPONDENT TO DISMISS PROCEEDINGS AS REQUESTED.