**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 28, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

))))))))))))))))))))))))))))

No. 03-60842

))))))))))))))))))))))))))))

ARMANDO GAONA-ROMERO

> Petitioner,

> v.

ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL

> Respondent.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74-700-798

---

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

Per Curiam:[*]

Petitioner Armando Gaona-Romero ("Gaona") seeks review of a final order of removal by the Board of Immigration Appeals ("BIA"), entered on October 7, 2003. Gaona raises two claims of error: first, that the BIA erred in determining that he is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of his vacated controlled substance conviction; and second, that the

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

BIA erred in determining that he is removable under 8 U.S.C. § 1182(a)(6)(E)(i) on the basis of his conviction for aiding and abetting aliens to elude examination and inspection by immigration officials.  Applying Renteria-Gonzalez v. INS, 322 F.3d 804 (5th Cir. 2003), we hold that the BIA correctly determined that Gaona is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of his vacated controlled substance conviction.  Accordingly, we DENY the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gaona is a native and citizen of Mexico who entered the United States without inspection in 1978.  On June 5, 1997, Gaona pleaded guilty in Texas state court to the possession of marijuana and was fined $1000 as a result.  In 2002, after removal proceedings had been commenced, Gaona filed a petition for habeas corpus in Texas state court, seeking to have his conviction overturned.  The Texas court granted the writ, concluding that Gaona's plea violated the federal and state constitutions because it was not "knowingly and voluntarily entered," and vacated Gaona's drug conviction.

In 2000, Gaona was charged with transporting two illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and § 1324(a)(1)(A)(v)(II), and with one count of conspiracy to transport said aliens, in violation of § 1324(a)(1)(A)(v)(I). Gaona pleaded guilty to two counts, under 18 U.S.C. § 2 and 8

2

U.S.C. § 1325(a)(2), for aiding and abetting two aliens to "elude[] examination and inspection" by immigration officials.

In August 2001, the United States government charged Gaona with removability under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without being properly admitted or paroled after inspection and under 8 U.S.C. § 1182(a)(2)(A)(i)(II) for having been convicted of a controlled substance offense. In September 2002, the government charged Gaona with removability under 8 U.S.C. § 1182(a)(6)(E)(i) for being an alien who aided or abetted another alien in entering or trying to enter the United States in violation of the law.

On October 29, 2002, an immigration judge found Gaona removable as a controlled substance offender under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and also found that his conviction for aiding and abetting an illegal immigrant in eluding examination and inspection made him subject to removal under 8 U.S.C. § 1182(a)(6)(E)(i).[1] Subsequently, the judge withdrew his finding that Gaona was removable for his drug conviction, citing the fact that Gaona's conviction had been vacated.

On appeal to the BIA, Gaona challenged the immigration judge's finding that he was removable under 8 U.S.C. § 1182(a)(6)(E)(i) due to his conviction for aiding and abetting

---

[1] According to Gaona, "the Judge never required Mr. Gaona to plead to the illegal entry charge," "[n]or did he find in his oral decision that Mr. Gaona was removable for that reason."

illegal immigrants to elude inspection. Gaona argued that there was a material distinction between the language of § 1182(a)(6)(E)(i) and the charge to which he pleaded guilty: § 1182(a)(6)(E)(i) provides for removal of an alien who has aided or abetted another alien in illegal entry or attempted entry into the United States, whereas Gaona was convicted of aiding and abetting illegal aliens in eluding examination and inspection. Gaona argued that the eluding of inspection might occur, and in his case did occur, after the aliens had completed their entry into the United States.

In turn, the United States government appealed the immigration judge's finding that Gaona was not removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of his vacated controlled substance conviction. The government argued that the Texas court had exceeded its jurisdiction in granting Gaona's habeas petition because Gaona was not in custody and because there was no constitutional defect in the criminal proceedings. The government claimed that Gaona's conviction was vacated not because of a constitutional defect, but to avoid immigration consequences, a distinction that is significant under the BIA's caselaw. See In re Pickering, 23 I. & N. Dec. 621 (BIA 2003). The government also argued that this court's decision in Renteria-Gonzalez v. INS, 322 F.3d 804 (5th Cir. 2003), mandated a finding that Gaona's vacated conviction remained a conviction for immigration purposes.

4

On October 7, 2003, the BIA dismissed Gaona's appeal, rejecting Gaona's claim that his conviction for helping an illegal alien to elude examination and inspection did not render him removable under 8 U.S.C. § 1182(a)(6)(E)(i). The BIA reasoned that examination and inspection are part of the entry process. The BIA also sustained the government's appeal, ruling that Gaona was removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of his drug conviction. The BIA determined that Gaona's immigration proceedings arose within the jurisdiction of the Fifth Circuit and that Renteria-Gonzalez was controlling precedent for immigration cases in this jurisdiction. Applying Renteria-Gonzalez, the BIA held that Gaona's vacated conviction was still valid for immigration purposes, and that he was therefore deportable under § 1182(a)(2)(A)(i)(II). Finally, the BIA held that either conviction rendered Gaona ineligible for cancellation of removal.

Gaona filed a timely petition for review in this court; we held our review in abeyance pending the disposition of the petition for rehearing en banc in Discipio v. Ashcroft (Discipio I), 369 F.3d 472 (5th Cir. 2004), vacated on denial of reh'g en banc, 417 F.3d 448 (5th Cir. 2005).

## II. JURISDICTION

The government proposes that this court lacks jurisdiction to review Gaona's final order of removal because Gaona is removable by reason of having committed a criminal offense

5

covered in 8 U.S.C. § 1182(a)(2).  See 8 U.S.C. § 1252(a)(2)(C).

The government's argument is outdated, as its brief was submitted

before the May 31, 2005, enactment of the REAL ID Act, Pub. L.

No. 109-13, 119 Stat. 231.  8 U.S.C. § 1252(a)(2)(D), added by

the REAL ID Act, provides:

> Nothing in subparagraph (B) or (C), or in any other
> provision of this Act (other than this section) which
> limits or eliminates judicial review, shall be construed
> as precluding review of constitutional claims or
> questions of law raised upon a petition for review filed
> with an appropriate court of appeals in accordance with
> this section.

Congress specifically stated that the provisions of

§ 1252(a)(2)(D) would take effect immediately and would apply

retroactively to cases in which the final order of removal was

issued before the date of enactment.  REAL ID Act § 106(b); see

also Ramirez-Molina v. Ziglar, 436 F.3d 508, 512 (5th Cir. 2006).

In accordance with § 1252(a)(2)(D), therefore, this court has

jurisdiction to hear questions of law raised by Gaona in a

petition that would otherwise be barred by § 1252(a)(2)(C).  See

Okafor v. Gonzales, 456 F.3d 531, 533 (5th Cir. 2006).  In his

appeal from the BIA's determination of removability for his drug

conviction (the determination that could deprive this court of

jurisdiction under § 1252(a)(2)(C)), Gaona raises a question of

law--whether a conviction vacated for constitutional error is

still a conviction for immigration purposes.  As a result, this

court has jurisdiction to hear Gaona's petition.

6

## III. STANDARD OF REVIEW

In reviewing a decision by the BIA, this court examines questions of law de novo. Alwan v. Ashcroft, 388 F.3d 507, 510 (5th Cir. 2004). An agency's interpretations of the statutes and regulations it administers should be given deference in accordance with Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). The BIA's factual conclusions are reviewed for substantial evidence. Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994). This court does not consider the rulings and findings of immigration judges unless they were relied upon by the BIA. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Here, the BIA independently examined the record and issued its own findings.

## IV. DISCUSSION

We first address whether the BIA erred in determining that Gaona is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of his vacated controlled substance conviction. In Renteria-Gonzalez, this court stated that "a vacated conviction, federal or state, remains valid for purposes of the immigration laws." 322 F.3d at 814. Gaona contends that this language is mere dicta and therefore does not control the outcome in this case. Gaona urges that the Fifth Circuit embrace the approach adopted by the BIA in In re Pickering, 23 I.& N. Dec. 621 (BIA 2003), which distinguishes between convictions vacated for

7

substantive or procedural error and those vacated for rehabilitative purposes.  The BIA applies this test in cases that arise from all jurisdictions other than the Fifth Circuit, where it considers itself bound by Renteria-Gonzalez.  See In re Pickering, 23 I.& N. Dec. at 624.  Gaona argues that Chevron deference is due to the BIA's preferred interpretation of the statute it is charged to administer.

It is true that the discussion in Renteria-Gonzalez swept beyond the precise issue in that case, which concerned a federal conviction that had been vacated by a district court to avoid the immigration-related consequences of the conviction.  322 F.3d at 811.  In addressing that issue, the Renteria-Gonzalez majority reasoned that § 1101(a)(48)(A), which, unlike earlier immigration statutes, took the trouble to define "conviction," did not include an exception for vacated convictions.  The majority wrote that "Congress must have anticipated the problem [of vacated convictions], yet it chose to remain silent," a fact which the majority concluded "strongly implies that Congress did not intend any such exception."  Id. at 813.[2]  Thus, while the concurring opinion in Renteria-Gonzalez characterized "any indication in the majority opinion that a conviction vacated based on the merits

_____

[2] The majority also argued that the provision in 8 U.S.C. § 1101(a)(48)(A) of an exception for executive pardons, and not vacated convictions, reinforced its interpretation of "conviction," and indicated that Congress "wanted to restrict to only the most directly accountable officers the power to negate a conviction and thereby block deportation."  Id.

constitutes a conviction under [8 U.S.C.] § 1101(a)(48)(A)" as "entirely dicta" (<u>Id.</u> at 823 n.24 (Benavides, J., concurring)), the majority opinion could be read as holding that a conviction vacated for any reason was still a conviction for immigration purposes.

The decisions in <u>Discipio I</u> and <u>II</u> resolve this uncertainty. In <u>Discipio I</u>, which involved a state conviction vacated for substantive and procedural reasons, the court held that it was bound by <u>Renteria-Gonzalez</u> to deny Discipio's appeal, writing that "[u]ntil the Fifth Circuit en banc or the Supreme Court reforms <u>Renteria-Gonzalez</u>, we must apply that decision as written." <u>Discipio I</u>, 369 F.3d at 475. In <u>Discipio II</u>, the court noted that "the immigration judge presiding over Petitioner's removal proceeding found that the Massachusetts conviction remained valid for immigration purposes under our holding in [<u>Renteria-Gonzalez</u>]" and declared that "a panel of this court is without authority to contradict the holding of the previous panel in <u>Renteria-Gonzalez</u>." <u>Discipio II</u>, 417 F.3d at 449-50. <u>Discipio I</u> and <u>II</u> make clear that the Fifth Circuit deems the holding of <u>Renteria-Gonzalez</u> to be that all vacated convictions remain convictions for the purposes of immigration proceedings.

Because Gaona's immigration proceedings fall within the jurisdiction of the Fifth Circuit, the BIA is bound to follow

<u>Renteria-Gonzalez</u> where it applies.  We are not at liberty to revise <u>Renteria-Gonzalez</u>, since in the absence of an intervening Supreme Court decision, no subsequent panel may overrule the decisions of another panel or limit the prior decision to the facts set forth therein.  <u>United States v. Smith</u>, 354 F.3d 390, 399 (5th Cir. 2003).  Accordingly, the BIA did not err in finding Gaona removable on the basis of his vacated controlled substance conviction.

Having concluded that Gaona is removable on the basis of his vacated controlled substance conviction, we need not address Gaona's second contention: that the BIA erred in determining that he is removable under 8 U.S.C. § 1182(a)(6)(E)(i) on the basis of his conviction for aiding and abetting aliens to elude examination and inspection.

## V. CONCLUSION

Because the BIA correctly applied <u>Renteria-Gonzalez</u> in ruling that Gaona is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of his vacated controlled substance conviction, we DENY Gaona's petition for review.

DENIED.