United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-60441
Summary Calendar

BROWN EKELEDO OKORONKWO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A27 172 234)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

On two bases, Brown Ekeledo Okoronkwo, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion for reconsideration. Such denial is reviewed "under a highly deferential abuse-of-discretion standard". **Singh v. Gonzales**, 436 F.3d 484, 487 (5th Cir. 2006) (quotation omitted).

First, Okoronkwo challenges the BIA's determining his vacated state aggravated-assault conviction was still valid for immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes. Although the BIA's determination was consistent with *Renteria-Gonzalez v. INS*, 322 F.3d 804, 814 (5th Cir. 2002) ("a vacated conviction, federal or state, remains valid for purposes of the immigration laws"), Okoronkwo contends erroneously that *Renteria-Gonzalez* has been effectively overturned. *See* *Discipio v. Ashcroft*, 417 F.3d 448, 450 (5th Cir. 2005) ("a panel of this Court is without authority to contradict the holding of the previous panel in *Renteria-Gonzalez*"). Okoronkwo does *not* show the BIA abused its discretion. *See* *Singh*, 436 F.3d at 487.

For his other contention, Okoronkwo maintains the immigration judge erred in denying his hardship-waiver request under § 216(c)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4)(B). Our court lacks jurisdiction to review the BIA's refusal to grant reconsideration of its determining Okoronkwo was *not* entitled to such a waiver. *See* *Assaad v. Ashcroft*, 378 F.3d 471, 474-75 (5th Cir. 2004).

*DENIED IN PART; DISMISSED IN PART*

BENAVIDES, Circuit Judge, concurring:

I join in the judgment of the Court and write separately to emphasize that, given the abuse of discretion standard of review, we do not need to consider the validity of *Renteria-Gonzalez v. INS*, 322 F.3d 804, 814 (5th Cir. 2002).

Because the appellant did not appeal the BIA's decision upholding the immigration judge's deportation order, the only decision before us is the BIA's denial of the appellant's motion for reconsideration. Thus, rather than reviewing the BIA's legal findings *de novo*, we instead review its decision to not reconsider its earlier determination under the highly deferential abuse of discretion standard. *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). I agree with the government's assertion that we must affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in evidence, or otherwise so irrational that is arbitrary." *Id*. Here, the BIA adhered to precedent which it reasonably believed to be valid. Therefore, regardless of the actual status of *Renteria-Gonzalez*, about which I continue to have reservations, the BIA did not abuse its discretion in denying the appellant's motion for reconsideration.