United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 03-60842

)))))))))))))))))))))))))))

ARMANDO GAONA-ROMERO,

Petitioner,

v.

ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order of the
Board of Immigration Appeals

---

ON PETITION FOR REHEARING EN BANC

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

Per Curiam:

In a November 28, 2006 opinion, this court affirmed the decision of Board of Immigration Appeals ("BIA") to remove Petitioner Armando Gaona-Romero ("Gaona"). Gaona-Romero v. Gonzales, 207 F. App'x 386 (5th Cir. 2006) (unpublished). We held, following this circuit's precedent in Renteria-Gonzalez v. INS, 322 F.3d 804 (5th Cir. 2003), that the BIA correctly determined that Gaona is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of his vacated controlled substance conviction.

1

Gaona now seeks en banc review of the panel decision in his case. Gaona urges that this court should abandon its adherence to Renteria and instead follow the interpretation of "conviction," defined in 8 U.S.C. § 1101(a)(48)(A), adopted by the BIA in In re Pickering, 23 I. & N. Dec. 621 (BIA 2003). The Pickering approach distinguishes between a conviction vacated for rehabilitative purposes or immigration hardships and a conviction vacated because of a procedural or substantive defect, and holds that the former, but not the latter, counts as a "conviction" under § 1101(a)(48)(A) and thereby renders an alien removable under § 1182(a)(2)(A)(i)(II). Because Gaona's controlled substance conviction was vacated for substantive reasons, he asserts that under Pickering, he would not be removable under § 1182(a)(2)(A)(i)(II).

In response to Gaona's petition for en banc review, the government declares that it no longer takes the position that Gaona should be removed on the basis of his vacated controlled substances conviction. The government now takes the position that Pickering, rather than Renteria, should be applied to this case, and therefore Gaona's vacated drug conviction does not render him removable.

The government explains that after this court's decision in Discipio v. Ashcroft, 417 F.3d 448 (5th Cir. 2005), the government undertook a policy review to determine how removal cases arising in the Fifth Circuit that involve vacated

2

convictions should be treated. The government concluded that it would not seek that removal decisions be upheld pursuant to Renteria, but rather would request remand to the BIA so that the government could take action in accord with Pickering. The government thus concedes that it erred in this case by seeking affirmance of the BIA's removal decision on the basis of Gaona's vacated drug conviction. The government requests that this court vacate its panel decision and remand to the BIA so that the government may withdraw the charge of removability based upon Gaona's vacated drug conviction.

Treating the government's response to Gaona's petition for en banc reconsideration as a motion for panel rehearing, we hereby vacate our November 28, 2006 opinion, Gaona-Romero v. Gonzales, 207 F. App'x 386 (5th Cir. 2006), and remand to the BIA so that the government may follow through on its pledge to withdraw the charge of removability under § 1182(a)(2)(A)(i)(II). Gaona's petition for rehearing en banc is denied as moot because the opinion which it seeks to review is vacated herein.

VACATED and REMANDED.