# Matter of Jose MARQUEZ CONDE, Respondent

*Decided April 6, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Board of Immigration Appeals' holding in *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003), *rev'd on other grounds*, *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006), regarding the validity of vacated convictions for immigration purposes, is reaffirmed, and the decision is modified to give it nationwide application. *Renteria-Gonzalez v. INS*, 322 F.3d 804 (5th Cir. 2002), not followed.

FOR RESPONDENT: Belinda Arroyo, Esquire, Fort Worth, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Dan Gividen, Deputy Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; MANN and KELLY, Board Members.

ADKINS-BLANCH, Vice Chairman:

In a decision dated May 24, 2017, an Immigration Judge found the respondent removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), as an alien who is in the United States without being admitted or paroled, and pretermitted his application for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012). The respondent has appealed from that decision. The Department of Homeland Security ("DHS") and the respondent have filed a joint brief in support of the appeal. The appeal will be sustained, and the record will be remanded to the Immigration Judge.

The respondent is a native and citizen of Mexico who entered the United States at an unknown time and place. On June 14, 2016, he was convicted of a theft offense in Texas, but he subsequently filed a motion for a new trial, which was granted. On February 14, 2017, the State's motion for permission to dismiss the criminal action was granted and the case was dismissed.

In a hearing before the Immigration Judge, the respondent conceded removability and applied for cancellation of removal. Counsel for the respondent and the DHS filed a joint brief arguing that the respondent's conviction had been vacated based on a substantive defect in the underlying criminal proceeding and was therefore no longer a "conviction" for immigration purposes. Notwithstanding the arguments of the parties and the

evidence they presented, the Immigration Judge found the respondent to be statutorily ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act because his conviction was for an offense under section 212(a)(2)(A)(i)(I). The Immigration Judge relied on *Renteria-Gonzalez v. INS*, 322 F.3d 804, 812–13 (5th Cir. 2002), in concluding that a vacated conviction remains valid for immigration purposes regardless of the reason for the vacatur.

In *Renteria-Gonzalez*, the United States Court of Appeals for the Fifth Circuit reasoned that because Congress was silent regarding vacated convictions when it defined the term "conviction" in section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A) (2000), it did not intend to include an exception for vacated convictions. *Id.* at 813. However, as the parties have noted on appeal, Judge Benavides issued a concurring opinion in *Renteria-Gonzalez*, stating that he disagreed with the majority's analysis because it "paint[ed] with too broad a brush with respect to whether a vacated conviction falls within the purview of the definition" of a conviction. *Id.* at 820 (Benavides, J., specially concurring). Although he agreed with the result, Judge Benavides asserted that "any indication in the majority opinion that a conviction vacated based on the merits constitutes a conviction under [section 101(a)(48)(A) of the Act] is entirely dicta in that the case at bar did not involve such a vacatur." *Id.* at 823 n.4. He therefore concluded that he would distinguish the vacatur in that case "from cases involving convictions vacated because of a defect in the criminal proceedings." *Id.* at 822.

Subsequent to *Renteria-Gonzalez*, we issued our decision in *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003), *rev'd on other grounds*, *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006), where we held that if a court vacates an alien's conviction because of a procedural or substantive defect, rather than for reasons solely related to rehabilitation or immigration hardships, the conviction is eliminated for immigration purposes. In this regard, we concluded that

> there is a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships. Thus, if a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a "conviction" within the meaning of section 101(a)(48)(A). If, however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains "convicted" for immigration purposes.

*Id.* at 624. Moreover, noting that the majority opinion in *Renteria-Gonzalez* "indicates that a vacated federal conviction remains valid for purposes of the immigration laws irrespective of the reasons why the conviction was

vacated," we declined to adopt the Fifth Circuit's reasoning in cases arising outside of its jurisdiction. *Id.* at 624 n.2; *see also Matter of Adamiak*, 23 I&N Dec. 878, 880 (BIA 2006).

Significantly, with the exception of the Fifth Circuit, our interpretation of the term "conviction" and our approach to determining whether a vacated conviction remains valid for immigration purposes has been adopted by every court that has addressed the issue. *See Viveiros v. Holder*, 692 F.3d 1, 3 (1st Cir. 2012) (noting that circuit courts have "uniformly" followed this rationale); *see also Andrade-Zamora v. Lynch*, 814 F.3d 945, 948 (8th Cir. 2016); *Dung Phan v. Holder*, 667 F.3d 448, 452–53 (4th Cir. 2012); *Saleh v. Gonzales*, 495 F.3d 17, 21–25 (2d Cir. 2007); *Nath v. Gonzales*, 467 F.3d 1185, 1188–89 (9th Cir. 2006); *Pickering*, 465 F.3d at 266; *Cruz v. Att'y Gen. of U.S.*, 452 F.3d 240, 245 (3d Cir. 2006); *Alim v. Gonzales*, 446 F.3d 1239, 1249–50 (11th Cir. 2006); *Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1128–29 (10th Cir. 2005); *Ali v. Ashcroft*, 395 F.3d 722, 728–29 (7th Cir. 2005).

Moreover, as the respondent and the DHS have argued on appeal, the Fifth Circuit has expressed concerns over its decision in *Renteria-Gonzalez*. The majority in that case maintained that "five circuits, including this court, have concluded that a vacated or otherwise expunged state conviction remains valid" for purposes of the immigration laws. *Renteria-Gonzalez*, 322 F.3d at 814. However, in *Discipio v. Ashcroft*, 369 F.3d 472, 474 (5th Cir. 2004), *vacated on reh'g*, 417 F.3d 448 (5th Cir. 2005), the court noted that none of those cases "hold or imply that a conviction vacated because of procedural or substantive flaws is a conviction under the [Act.] These cases support the proposition . . . that a conviction vacated for *rehabilitative* purposes remains valid under the [Act]." *Id.* at 474.

Addressing the concern raised in *Renteria-Gonzalez* that the "unbridled discretion of federal judges" may threaten the uniform application of the immigration laws, the court in *Discipio* noted that "[w]hen a court vacates a conviction because of defects in the underlying criminal proceeding, . . . it is not exercising 'unbridled discretion,' but enforcing the statutory and constitutional rights that ensure fair treatment of criminal defendants." *Id.* at 475 (quoting *Renteria-Gonzalez*, 322 F.3d at 814). The court considered the majority's interpretation of the term "conviction" in *Renteria-Gonzalez* to be so broad that "an immigrant convicted of certain offenses is removable even if that conviction is vacated by an appellate court for insufficient evidence, procedural errors, or constitutional violations." *Id.* Adding that "a person completely exonerated by the courts may nonetheless face removal as a convicted criminal," the court concluded that it "should interpret statutes to avoid results so patently absurd and constitutionally questionable." *Id.* (citations omitted); *accord Alim*, 446 F.3d at 1250; *Renteria-Gonzalez*, 322 F.3d at 822 (Benavides, J., specially concurring). However, the court

determined that it could not "revisit *Renteria-Gonzalez*" because "no subsequent panel may overrule the decisions of another panel or hold that a prior decision applies only on the limited facts set forth in that opinion." *Discipio*, 369 F.3d at 475.

In response to the alien's petition for rehearing en banc in *Discipio*, the Government advised the court that it was "prepared to modify its position," apply *Matter of Pickering*, and terminate the proceedings "because [the alien's] conviction was undisputedly vacated for procedural and substantive defects." *Discipio*, 417 F.3d at 449–50. The court therefore granted the Government's motion to remand for the purpose of terminating the proceedings. The court also noted that "[w]ith respect to other deportation proceedings arising or within the jurisdiction of this Court or that may be pending on appeal," the Government was "undertaking a policy review to determine how it will proceed in those cases." *Id.* at 450.

Subsequently, in *Gaona-Romero v. Gonzales*, 497 F.3d 694, 694 (5th Cir. 2007) (per curiam), the Fifth Circuit noted that, pursuant to its policy review, the Government had "concluded that it would not seek that removal decisions be upheld pursuant to *Renteria*, but rather would request remand to the [Board] so that the government could take action in accord with *Pickering*." The court therefore acceded to the request of both parties and remanded the record so the Government could "follow through on its pledge to withdraw the charge of removability" pursuant to *Pickering*. *Id.* at 695.

However, because the Fifth Circuit has not overruled or modified its holding in *Renteria-Gonzalez*, the danger of inconsistent decisions persists. *See Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 291 (5th Cir. 2007) (acknowledging that *Renteria-Gonzalez* is inconsistent with the holdings of the circuits that apply *Matter of Pickering* but declining to follow our decision in that case because it "is not the law in this circuit"). Under these circumstances, we find it appropriate to consider whether to continue to follow *Renteria-Gonzalez* in the Fifth Circuit.

As noted, the majority in *Renteria-Gonzalez*, 322 F.3d at 813, found that Congress' silence regarding vacated convictions in section 101(a)(48)(A) of the Act "strongly implies" that it that did not intend to include any exception for a vacated conviction in the statutory definition. However, it does not appear that the court considered the language in section 101(a)(48)(A) as plain on its face in this regard. *Id.* at 812 ("Although it may seem counterintuitive, the text, structure and history of the [Act] *suggest* that a vacated federal conviction does remain valid for purposes of the immigration laws." (emphasis added)); *see also id.* at 822 (Benavides, J., specially concurring) (agreeing with the majority "[t]o the extent this statement acknowledges that the plain language of [section 101(a)(48)(A)] does not

provide that a conviction vacated on the merits remains valid for immigration purposes").

The Supreme Court has held that where a statute is silent or ambiguous, an agency's interpretation should be given deference if it is based on a permissible construction of the statute. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.* ("*Chevron*"), 467 U.S. 837, 843 (1984). The Court has emphasized that the *Chevron* principle of deference must be applied to an agency's interpretation of ambiguous statutory provisions, even where a court has previously issued a contrary decision and believes that its construction is the better one, provided that the agency's interpretation is reasonable. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.* ("*Brand X*"), 545 U.S. 967, 982 (2005) ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion."); *see also Holder v. Martinez Gutierrez*, 566 U.S. 583, 591–98 (2012); *Matter of M-H-*, 26 I&N Dec. 46, 49 (BIA 2012).

Pursuant to *Chevron* and *Brand X*, we find that section 101(a)(48)(A) of the Act, which defines the term "conviction" for immigration purposes, is silent regarding the effect of a vacated conviction on an alien's immigration status. Therefore, we will reaffirm our holding in *Matter of Pickering* and reiterate that we interpret the definition of a "conviction" to include convictions that have been vacated as a form of post-conviction relief—for example, for rehabilitative purposes—and we will continue to give them effect in immigration proceedings. However, we consider convictions that have been vacated based on procedural and substantive defects in the underlying criminal proceeding as no longer valid for immigration purposes.

In addition, to promote national uniformity in the application of the immigration laws, we will now respectfully apply *Matter of Pickering*, which we have applied in every circuit except for the Fifth Circuit, on a nationwide basis. In this regard, we modify *Pickering* insofar as it exempts the application of its holding in cases arising in the Fifth Circuit. *See Matter of Pickering*, 23 I&N Dec. at 624 n.2. Accordingly, the respondent's appeal, with which the DHS concurs, will be sustained. The record will be remanded to the Immigration Judge for consideration of the respondent's application for cancellation of removal and any other form of relief or protection from removal for which he may be eligible.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.