**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO TORRES MORALES, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, U.S. Attorney General, <br><br> Respondent. | No. 22-569 <br><br> Agency No.   A063-257-176 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023[**]
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,[***] District Judge.

Fernando Torres Morales, a native and citizen of Mexico, petitions this court for review of the dismissal by the Board of Immigration Appeals ("BIA") of his appeal of the decision by the Immigration Judge ("IJ") ordering him

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Colleen McMahon, United States District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

removed from the United States. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and grant and remand in part.

1. We review Torres Morales's due process challenges de novo. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). "When a petitioner does not waive the right to counsel, 'IJs must provide [the petitioner] with reasonable time to locate counsel and permit counsel to prepare for the hearing." *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (quoting *Biwot v. Gonzales*, 403 F.3d 1094, 1098–99 (9th Cir. 2005)). The inquiry into whether the time provided was reasonable is highly fact specific, and we consider:

> the realistic time necessary to obtain counsel; the time frame of the requests for counsel; the number of continuances; any barriers that frustrated a petitioner's efforts to obtain counsel, such as being incarcerated or an inability to speak English; and whether the petitioner appears to be delaying in bad faith.

*Biwot*, 403 F.3d at 1099.

The IJ granted two continuances, one of which was to allow service of Torres Morales's Notice to Appear ("NTA") and the other to allow time to find counsel. These continuances totaled 21 business days. Torres Morales was detained and is not proficient in English, two facts that we have consistently recognized frustrate a noncitizen's ability to obtain counsel. *See Usubakunov v. Garland*, 16 F.4th 1299, 1305 (9th Cir. 2021). Moreover, the record demonstrates that Torres Morales was not delaying in bad faith: he reported to the IJ at his final hearing that he had successfully obtained a criminal attorney

2

but had not yet found an immigration attorney. In fact, Torres Morales was eventually successful in obtaining an immigration attorney as evidenced by the fact that he was represented before the BIA. Considering the factual circumstances of this case, we hold that the IJ's denial of a continuance was error that violated Torres Morales's right to counsel.[1] *See Usubakunov*, 16 F.4th at 1305–06 (finding the right to counsel violated where petitioner was detained and did not speak English, there was evidence that the petitioner was not delaying in bad faith, and the IJ granted four continuances over six months); *Biwot*, 403 F.3d at 1099 (finding the right to counsel violated where petitioner was detained, had basic English skills, and was diligent in his efforts to obtain counsel and was granted two continuances for a total of five business days).

2. Torres Morales's due process challenge to the IJ's admission of supporting documents from the Department of Homeland Security ("DHS") fails because he has failed to show prejudice. "Substantial prejudice is established when 'the outcome of the proceeding may have been affected by the alleged violation.'" *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020)

---

[1] The government argues that remand is unnecessary because Torres Morales has failed to show prejudice. However, a noncitizen who has been denied counsel need not show prejudice. *See Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012). The government's reliance on *Gomez-Velazco v. Sessions*, 879 F.3d 989 (9th Cir. 2018), is misplaced. Unlike Gomez-Velazco, Torres Morales was denied counsel at the final stage of his removal proceeding, and thus his attorney had no opportunity to "remedy any damage done by [the] client's un-counseled admissions or waivers." *Zuniga v. Barr*, 946 F.3d 464, 471 n.10 (9th Cir. 2019) (quoting *Gomez-Velazco*, 879 F.3d at 944)).

(quoting *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000)).  Torres Morales admitted each of the factual allegations in his NTA, and the IJ found that DHS's supporting documents were "simply corroborative of his testimony." Because Torres Morales does not contest his removability and admitted all factual allegations in his NTA, no further evidence was necessary, and the IJ's admission of DHS's supporting documents would not have affected the outcome of the proceeding.  *See Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011).

3.    The IJ did not err in failing to advise Torres Morales about his apparent eligibility to apply for withholding of removal and CAT relief or in failing to ask follow-up questions about his fear of persecution or torture.  The IJ asked, "[A]re you afraid of anyone in Mexico would harm you or torture you?"  Torres Morales responded, "Well I'm afraid to go back to Mexico because of the way that the current situation is with the crime and everything, but for me to be specifically afraid like for somebody to come and kill me, no." Torres Morales has failed to raise a reasonable possibility that he is eligible for withholding or relief under CAT, which would normally trigger the IJ's obligation to advise him about his apparent eligibility for withholding or CAT relief.  *See C.J.L.G. v. Barr*, 923 F.3d 622, 626 (9th Cir. 2019) (en banc). Moreover, once Torres Morales testified that he did not have a specific fear of harm, the IJ did not need to develop the record further because this testimony established that there is no basis for relief.  *See Zamorano v. Garland*, 2 F.4th

4

1213, 1226 (9th Cir. 2021) (holding that, once a petitioner stated that he did not "know how to start a life in a new country," the IJ was not required to develop the record further because petitioner's "testimony established that there was no basis for [relief]").

4.  The BIA abused its discretion in denying administrative closure.[2] The BIA found that Torres Morales "is not contesting or challenging the nature, validity, or finality of his criminal conviction rendering him removable from the United States." However, the BIA has held that a noncitizen challenges the validity of his underlying petition when the appeal or post-conviction relief "relates to the issue of guilt or innocence or concerns a substantive defect in the criminal proceedings." *Matter of J.M. Acosta*, 27 I. & N. Dec. 420, 432 (BIA 2018); *see also Matter of Conde,* 27 I. & N. Dec. 251, 255 (BIA 2018) ("[W]e consider convictions that have been vacated based on procedural and substantive defects in the underlying criminal proceedings as no longer valid for immigration purposes."). Torres Morales's state habeas petition challenges his criminal conviction based on ineffective assistance of counsel. Under the BIA's precedent, this is a challenge to the validity of Torres Morales's conviction. *See*

---

[2] The government argues that we do not have jurisdiction over this question because Torres Morales's removal order was based on his aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). However, we are not deprived of jurisdiction over "a procedural motion that rests on a ground independent of the conviction that triggers the bar." *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). To the extent that the government argues that this rule is clearly irreconcilable with *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), that case did not decide how the jurisdiction-stripping provision applies to procedural motions. *See id.* at 1688.

5

*Matter of J.M. Acosta*, 27 I. & N. Dec. at 432; *Matter of Conde,* 27 I. & N. Dec. at 255.  Because the BIA's denial of administrative closure relied in part on this erroneous application of its precedent, we remand to the BIA for reconsideration of Torres Morales administrative closure request.[3]

**PETITION DENIED in part and GRANTED and REMANDED in part.[4]**

---

[3] Because our review is limited to the administrative record, Torres Morales's motion for judicial notice of records related to his state habeas petition, **Dkt. 34,** is DENIED.  *See Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

[4] Torres Morales's motion to stay removal, **Dkts. 3, 11**, is DENIED.  The temporary stay of removal remains in effect until the mandate issues.